CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 18 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANNY RAY THOMPSON, | ) | Civil Action No. 7:11-cv-00491 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By: Samuel G. Wilson |
| SOUTHERN VIRGINIA MENTAL, | ) | United States District Judge |
| HEALTH INSTITUTE, ET AL., | ) | |
| Defendants. | ) | |

Plaintiff Danny Ray Thompson brings this action *pro se* and *in forma pauperis* against the defendants for injunctive relief to redress certain alleged violations of his individual rights. Thompson appears to have been committed to the care of the Southern Virginia Mental Health Institute ("the Institute"), and he claims that the Institute and several of its employees have retaliated against him, harassed him, and punished him without cause. Because Thompson has failed to state a claim for relief, the court dismisses his claim without prejudice.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This familiar rule is greatly relaxed for *pro se* plaintiffs, and litigants with meritorious claims should not be stymied by technical rules of pleading. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). The relaxation of Rule 8(a)(2) is not, however, without limits. A court must be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands a clarifying level of detail, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

Thompson has, in this case, presented the court with a three-page complaint against five defendants. Thompson has organized the complaint around two "claims" and one "summation." In claim one, Thompson alleges that the defendants have harassed him and retaliated against him in connection with access to his money. In claim two, he alleges that he was punished on "quite a few occasions" based on empty accusations. In the summation, Thompson urges the court that his rights have been violated, that his privileges should be reinstated, and that he should be allowed to return to his place of employment. The complaint does not elaborate as to how or when any harassment or retaliation occurred, the circumstances surrounding his wrongful punishments, what specific rights have been violated, what privileges have been revoked, under what factual circumstances any privileges were revoked, or which defendants participated in which courses of conduct. The court is therefore unable to reliably discern any particular constitutional or statutory violations from the complaint or to determine whether any viable claims lie against any individual defendants. Rather, the court can only apprehend that Thompson has allegedly suffered harassment, retaliation, and wrongful punishment. While the pleading rules do not impose an exacting standard on Thompson, and while the court is in fact solicitous of his claims and will liberally construe any pleading that he files, he must offer some foothold on which the defendants can base an answer or on which the court can base an opinion. Accordingly, the court will dismiss Thompson's complaint without prejudice for failure to state a claim.

**ENTER:** This 18th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE